IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )         Case No. 3:11-00083
                                )         Chief Judge Haynes
v.                              )
                                )
JUANA EDITH VELA-SALINAS,       )
                                )
        Defendant.              )

**MEMORANDUM**

Before the Court are the Defendant Juana EdithVela-Salinas's motion for a speedy trial

and motion to dismiss for denial of a speedy trial (Docket Entry Nos. 650 and 652) to which the

Government filed its response (Docket Entry No. 656). In essence, the Defendant Vela-Salinas

argues that her speedy trial rights have been violated by the delays in setting this action for trial.

In its response, the Government contends that the Defendant Vela-Salinas's conduct in the course

of this action caused significant delays and other delays were justified for reasons that qualify for

exclusion from the time limit under the Speedy Trial Act.

After a review of the record and for the reasons set forth below, the Court concludes that

the Defendant's conduct in changing counsel, her requests for continuances of the trial and her

pretrial motions caused significant delays in this proceeding. Further, the Court concludes that

this Defendant has failed to show any specific "substantial prejudice" for any delay in this

proceeding and thus, her motions should be denied.

**A. Analysis of the Record**

This Defendant was first named as a defendant on April 3, 2013, when the grand jury

1

returned a second superseding indictment against Defendant Vela-Salinas and her husband and co-defendant. The Defendant is charged with conspiring to possess and distribute cocaine and marijuana and conspiring with each other and others to launder the proceeds of the drug conspiracy. Defendant's husband was charged in the original indictment and superseding indictments, but upon a joint motion to continue the trial by the United States and co-defendant Villarreal in November 2013 (Docket No. 483), this Court reset a trial for May 7, 2013. (Docket No. 490). Defendants Villarreal and Vela-Salinas are the only defendants who have yet to plead guilty. Neither has moved for a severance.

On April 3, 2013, the Defendant Vela-Salinas was arrested in the Southern District of Texas and had her initial appearance on April 4, 2013. (Docket No. 564, Rule 5(c)(3) documents). The Defendant who had retained counsel was ordered detained on April 9, 2013. Id. On April 29, 2013, the Defendant appeared for her initial appearance in this District, (Docket Nos. 566, 568), but her retained counsel, Mr. Guerra, was not present and the Federal Public Defender panel attorney, Deanna Johnson, was appointed only for this Defendant's initial appearance. (Docket No. 568, Order).[1] At that time, the Defendant refused to complete a financial affidavit, citing her Fifth Amendment privileges, and the Magistrate Judge continued the initial appearance and arraignment until May 9, 2013, two days beyond the original trial date "to give the Defendant an opportunity to either retain counsel, provide the financial affidavit under seal, or provide the Court authority for the Court to appoint counsel without a Financial Affidavit." Id.

---

[1]The clerk's minutes reflect that Ms. Johnson was provisionally appointed until May 9, 2013. The Order states Ms. Johnson was not permanently appointed due to the Defendant's failure to complete a financial affidavit.

On May 2, 2013, the United States moved to continue the trial citing, the voluminous discovery and the need to try Defendants Villarreal and Vela-Salinas jointly. (Docket Entry No. 570). On May 2, 2013, Defendant's Texas counsel made a pro hac vice appearance in this District that the Court approved. (Docket Nos. 571 and 572). On May 3, 2013, this Court continued the trial of this action "in the interests of justice to provide a joint trial and allow the defense counsel for Defendant Vela-Salinas to be prepared for trial." (Docket Entry No. 573). On May 9, 2013, with her Texas counsel, the Defendant entered a plea of not guilty. (Docket Nos. 575 and 576).

By Order of May 14, 2013, this Court set deadlines for pre-trial motions, a plea hearing date, and with a trial date for July 9, 2013. (Docket No. 577). On May 16, 2013, Defendant, Texas counsel moved to withdraw, stating that the Defendant advised him that she no longer wanted his representation. (Docket Entry No. 580). On May 17, 2013, this Court granted defense counsel's motion to withdraw and directed the Federal Public Defender's Office to secure new counsel for the Defendant. (Docket Entry No. 582). On May 24, 2013, panel attorney Deanna Johnson entered her appearance for the Defendant. (Docket No. 587).

On June 6, 2013, the United States moved for reconsideration of the Order appointing a panel attorney for this Defendant, (Docket No. 590) citing the absence of Defendant's request for appointed counsel, the Defendant's failure to submit a sworn financial affidavit and the lack of any court determination of her financially inability to retain counsel. (Docket Nos. 590 and 568). Ms. Johnson requested an ex parte hearing on the Defendant's ability to hire an attorney. (Docket No. 591). On June 7, 2013, this Court granted the Government's motion to reconsider (Docket No. 593) and set aside the Order appointing counsel until Defendant submitted an affidavit on

3

her financial eligibility for appointed counsel. Id. As of June 7, 2013, Defendant was unrepresented. On June 18, 2013, Defendant filed her Financial Affidavit under seal. (Docket No. 595). On June 18, 2013, the Government moved to receive a copy of it, and Defendant filed a response opposing that motion (Docket Nos. 596 and 597) that the Court took under advisement.

On June 26, 2013, the United States requested a status conference to discuss a new trial date and pretrial deadlines. (Docket No. 599). On June 27, 2013, this Court granted that motion and set the status conference for July 8, 2013. (Docket No. 600). At the July 8, 2013 status conference (Docket No. 603), the issue arose of the Defendant's eligibility for appointed counsel, and the Court set a hearing on that issues for July 15, 2013 to allow the Defendant time to meet with Henry Martin, the Federal Public Defender, to discuss her Financial Affidavit and determine her financial eligibility for court-appointed counsel. (Docket Nos. 603 and 604, Order). On July 8, 2013, this Court also continued the trial because it was "in the interests of justice to allow Defendant Juana Edith Vela-Salinas time to secure counsel appointed or retained and to allow Defendant Villarreal's counsel adequate time to be prepared for trial. The trial in this action will be reset by a separate Agreed Order." (Docket No. 605).

At the July 15, 2013 hearing on appointment of counsel, Martin appeared with a copy of the Defendant's financial affidavit. (Docket Entry No. 607). This Court provisionally appointed Johnson as Defendant's counsel and ordered Johnson to file a response to the Government's motion for her affidavit by July 25, 2013. Id. On July 25, 2013, the Defendant filed her opposition. (Docket No. 608). By letter dated July 25, 2013, the Government made the discovery available to Johnson and on August 2, 2013, hand-delivered the discovery to Johnson.

4

(Docket Entry No. 643 at 3). This action is complex given the ten month investigation by the DEA and FBI that included seven wiretaps, and resulted in nineteen defendants charged with drug trafficking, firearm violations, money laundering, and obstruction of justice.

Between August 5 and August 13, 2013, the Government's counsel and counsel for Defendants Villarreal and Vela-Salinas discussed an agreed trial date pursuant to this Court's July 8, 2013 Order. (Docket No. 605). Government's counsel informed defense counsel the trial would take two to three weeks, given the number of witnesses and the necessity of Spanish interpreters for the Defendants. On August 13, 2013, the parties' counsel submitted an agreed order with a trial date of February 11, 2014. (Docket Entry No. 613). This motion cited "the agreement of the Defendants' attorneys, Carlos Garcia and Deanna Johnson hereby moves to have this Court set a trial date for February 11, 2014." Id. On August 14, 2013, this Court entered an Agreed Order setting a February 11, 2014 trial date. (Docket Entry No. 615). This Court also set pre-trial deadlines, ordering that any motions requiring an evidentiary hearing be filed by December 30, 2013. Id.

The Government's lead counsel is also lead counsel in United States v. Jose M. Clariot, et al, Case No. 3:08-0023. On September 11, 2013, the Honorable John T. Nixon, Senior Judge, granted the Government's motion to sever the remaining two defendants and set a trial date of October 8, 2013 for defendant Clariot, and a trial of November 5, 2013 for defendant Guzman. (Case No. 3:08-00023, Docket Entry No. 376). On October 2, 2013, defendant Clariot pled guilty and on October 29, 2013,upon his own motion, Judge Nixon continued the trial of Guzman until January 21, 2014 to allow time to rule on Guzman's pending motion to dismiss. (Case No. 3:08-00023, Docket Entry Nos. 395, 396, 397 and 438). On December 23, 2013, the

Government's counsel met with Guzman's counsel to discuss trial issues and was informed that Guzman intended to call nine defense witnesses. With that disclosure, Government's counsel opined that the Guzman trial would require a full two weeks. (Docket Entry No. 656 at 8-9).

On December 23, 2013, the Government's lead counsel emailed Defendants' counsel in this action requesting an agreement to a one-week continuance given the timing and anticipated length of the Guzman trial. Both defense counsel did not oppose the continuance until February 18, 2014. On December 24, 2013, the Government filed a second agreed motion to continue the trial until February 18, 2014, (Docket Entry No. 618), that also projected Guzman trial to require up to two weeks. Id. On December 25, 2013, Johnson filed a "notice of retraction" of her earlier agreement to the one week continuance explaining the she had "jumped the gun" by agreeing to the continuance, (Docket Entry No. 619), now stating that Defendant objected to the continuance. On January 2, 2014, the Government responded citing the trial preparation and expected length of the Guzman trial set for February 11, 2014 and that the trial in this action was expected to last two to three weeks. (Docket Entry No. 620). The Government's response cited the lack of prejudice to the Defendant and that the interests of justice are served by allowing Government counsel time necessary to prepare for the trial in this action. Id. at 2. On January 2, 2014, this Court granted the motion to continue stating that a continuance was "in the interests of justice to allow Government counsel to be available for trial." (Docket Entry No. 621).

On January 16, 2014, the Government moved to continue the January 27, 2014 plea hearing/pretrial conference set by this Court's August 14, 2013 Order (Docket Entry No. 615), citing the expected length of the Guzman trial and the Defendants' counsels' prior agreement to a continuance. (Docket Entry No. 631). The Government requested February 10, 2014 for the

plea hearing deadline/pre-trial conference and explained that the United States' case-in-chief"
may take three weeks to present. Id. On January 17, 2014, this Court granted that motion to
continue the plea hearing/status conference (Docket Entry No. 632) and reset the plea
hearing/pre-trial conference for February 10, 2014. (Docket Entry Nos. 632 and 637). The
Guzman trial commenced January 21, 2014 and the jury returned its verdict on January 31, 2014.
(See Case No. 3:08-00023, Docket Entry Nos. 483-507).

On January 27, 2014, Defendant Vela-Salinas filed a motion for a bill of particulars with
a nine-page supporting memorandum, (Docket Entry Nos. 633 and 634), seeking the "*date, time,
and location of all overt acts* allegedly committed by Ms. Vela-Salinas" and all "specific
criminal conduct that the Government alleges Ms. Vela-Salinas committed in violation of federal
law." (Docket Entry No. 633 at 2) (emphasis added). Defendant's motion also sought the dates
when a cooperating defendant allegedly gave her drug proceeds from defendant Villarreal's drug
trafficking activities and when the Defendant received keys to a car from the cooperating
defendant. Id. at 1. The Government counsel noted that the cooperator's statements were in a
report of the cooperator's statements that were provided to defense counsel in the Government's
October 30, 2013 disclosures of Jencks/Giglio materials. (Docket Entry No. 643 at 4).

On Sunday, February 2, 2014, Defendant Vela-Salinas filed a motion to dismiss the
indictment with a 23 page memorandum citing numerous decisions. (Docket Nos. 641 and 642).
The Defendant sought dismissal for the alleged "duplicity" in that Count Two alleges that the
defendant and Villarreal conspired to commit several different money laundering offenses
described in Title 18, U.S.C., Section 1956(a)(1) and (a)(2), all in violation of Section 1956(h).
(Docket Entry No. 641 at 1-2). In the alternative, the Defendant requested an order that the

Government "elect which offense it intends to pursue at trial." (Docket Entry No. 641). These motions were filed after the Court's December 30, 2013 deadline for such motions. (Docket Entry No. 615).

On Monday, February 3, 2014, the Government moved to continue the February 18, 2014 trial date to allow the Government time to respond to the Defendant's motions and for this Court's ruling on the Defendant's various motions. (Docket Entry No. 643). The Government also requested a status conference for February 10, 2014 on the Defendant's motions. Id. at 7. Under Local Rule 7.01(b), the Government had 14 days to file its responses that was February 10, 2014 on the motion for a bill of particulars and February 16, 2014, on the Defendant's motion to dismiss, two days prior to the scheduled February 18th trial date. Any rulings on Defendant's motion for a bill of particulars could have affected the Government's proof for its case-in-chief, and how that evidence would have been presented. The Government also cited the difficulties in securing a sufficient number of Spanish interpreters for the two to three week trial as well as notification and travel of out-of-district witnesses. The Government expected to call approximately 30 witnesses for the Defendant's trial.

In response, Defendant asserted a hardship on her and her children (who are cared for by Defendant's mother) and stated, "This Court should rule on the Motions and allow this case to proceed to trial." (Docket No. 644 at 2). Defendant did not raise any objection based upon the Speedy Trial Act or her Sixth Amendment speedy-trial rights in her response. On February 5, 2014, the Defendant moved to strike her speedy trial motions, (Docket Entry No. 645), without any reference to the Speedy Trial Act or her speedy-trial rights.

On February 5, 2014, this Court granted the Government's motion to continue trial date

8

(Docket Entry No. 646), stating that it was "in the interests of justice to allow Government counsel time to respond to Defendant's motions and the Court time to decide" the motions. The Court also set a status conference for February 10, 2014, at 1:30 p.m. Id. On February 5, 2014, the Government requested this Court not to reverse its order continuing the trial and provided reasons for continuing the trial, including interference with Government counsel trial preparations for the February 18th trial date. In her February 6, 2014 reply. (Docket Entry No. 648), the Defendant argued that the Government's time responding to motions was not excludable under the Speedy Trial Act and at best only warranted a two-day continuance of the trial, if at all. Defendant's reply also asserts her "counsel's attempts to protect Ms. Vela-Salinas' Constitutional rights." Id. at 3. On February 6, 2014, this Court granted the Defendant's motion to strike and ruled that the motion to dismiss was therefore moot. (Docket Entry No. 649). On February 6, 2014, Defendant moved to set the trial for February 20, 2014, asserting "Ms. Vela-Salinas requests a Speedy Trial." (Docket Entry No. 650).

At the February 10, 2014, status conference, the Defendant announced that she was willing to forego her motions in lieu of an earlier trial date. The Government's counsel stated he could be prepared in two weeks. The parties discussed a two weeks continuance in light of another and older case set for trial before this Court, United States v. Stephen Dwayne Pittman, Case No. 3:10-cr-00046-1, that was set for March 6, 2013. Assistant United States Attorney Braden Boucek, the second chair counsel for the Government, stated he was lead counsel in the Pittman trial that would render him unavailable in this action. After a brief recess, this Court proposed a trial date of April 8, 2014. In response, co-defendant Villarreal's counsel cited his second wedding ceremony on April 18, 2014, and Government's lead counsel had a pre-paid trip

9

for that same weekend, but each counsel would make the necessary arrangements for an April 8, 2014 trial date. After another recess, the Court cited a May 13, 2014 date as the next available date on the Court's calendar for a trial that would last two to three weeks.

Both Defendants objected to a continuance, and this Court continued the trial in the interests of justice and ordered Defendant Vela-Vela-Salinas to file any objections based upon the Speedy Trial Act within one week, with the United States to respond a week thereafter. The Defendant Salinas timely filed the pending motions.

### B. Conclusions of Law

The Sixth Amendment provides a criminal defendant an independent right to a speedy trial. Barker v. Wingo, 407 U.S. 514, 515, 530 (1972). In addition, the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) guarantees a criminal Defendant a right to trial within 70 days of his arrest on the filing of a formal charge by indictment or information subject to exclusions or tolling for certain reasons defined by statute. The Speedy Trial Act "'does not purport to be coextensive with [the Sixth] Amendment.'" United States v. Howard, 218 F.3d 556, 563 (6th Cir. 2000) (quoting United States v. Gonzales, 671 F.2d 441, 443 (11th Cir. 1982)). Congress expressly provided that: "[n]o provision of this chapter shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution." 18 U.S.C. § 3173. Thus, an independent analysis is required of the Defendant Vela-Salinas's Sixth Amendment and Speedy Trial Act claims.

### 1. Sixth Amendment

The Sixth Amendment does not impose a stringent time limit, but a challenge can be made for any "uncommonly long" delay. Doggett v. United States, 505 U.S. 647, 651 (1992);

10

United States v. Schreane, 331 F.3d 548, 553 (6th Cir. 2003). A defendant who is not brought to trial within a year is deemed presumptively prejudiced and this presumption requires a "full fledged speedy trial inquiry," but "does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry." Doggett, 505 U.S. at 652 n.1.

Barker v. Wingo, 407 U.S. 514 (1972) defines the analysis for a Sixth Amendment speedy trial claim, requiring the Court to consider:

> the relevance of four separate inquiries: [1] whether delay before trial was uncommonly long; [2] whether the government or the criminal defendant is more to blame for that delay; [3] whether, in due course, the defendant asserted his right to a speedy trial; and [4] whether he suffer prejudice as the delay's result."

Doggett, 505 U.S. at 651 (citing Barker, 407 U.S. at 530).As described in United States v. Young, 657 F.3d 408 (6th Cir. 2011), the Supreme Court has specified four factors for evaluating a Sixth Amendment speedy-trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertions of her speedy-trial right, and (4) prejudice to the defendant. Id. at 414 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). "None of the factors is 'a necessary or a sufficient condition to the finding of a deprivation of the right of speedy trial,' but the factors are related and 'must be considered with such other circumstances as may be relevant' in 'a difficult and sensitive balancing process.'" Id. (quoting Barker, 407 at 533). Because Defendant's claim depends on this balancing test, this Court considers each factor separately. Id.

The length of the delay factor "serves as a threshold or a 'triggering mechanism' for a speedy-trial analysis." 407 U.S. 530. Id. (citation omitted). Yet, a court only considers the other Barker factors if there has been an "uncommonly long" delay. Id. The length of delay for Sixth

11

Amendment purposes is measured from the Defendant's arrest and initial appearance on April 4, 2013 to her May 13, 2014 new trial date that is a total of 414 days and approximately 13 months.[2]

In evaluating causes of delay, "different weights should be assigned to different reasons." Barker, 407 U.S. at 531. In a word, "[n]ot all delays are susceptible to equal blame." Schreane, 331 F.3d at 553. "Governmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." Id. (citations omitted). "A more neutral reason such as negligence or over crowded courts should be weighed less heavily," but must be considered as the government's responsibility. Id. (citations omitted). Yet, a "missing witness" is a "valid reason" to justify a delay of the trial. Barker, 407 U.S. at 531. A valid reason, however, does not bar a finding of a Sixth Amendment violation. Schreane, 331 F.3d at 554 n.3. In any event, the key issue is "'whether the government or the criminal defendant is more to blame for [the] delay.'" Id. at 554 (quoting Doggett, 505 U.S. a 651).

While a delay of more than one year is presumptively prejudicial and triggers application of the remaining three factors, the delay in this case is currently less than a year. On February 10, 2014, the Court set a trial date of May 3, 2014 that would have been slightly more than 13 months from Defendant's arrest, but at the conclusion of the status conference, the Court continued the trial without setting a trial date. Thus, the 13 plus month delay satisfies the threshold for triggering the other Barker factors.

As the second factor – the reason for the delay, the Court promptly ruled on the relevant motions presented by both parties in this action. Given the Defendant's retention of a private

---

[2]The Court continued the March 13, 2014 trial date in the interests of justice to address Defendant's speedy trial motions. (Docket Entry No. 651).

12

attorney at the outset of this case (in conjunction with her husband's continued representation by a retained attorney), the Government's motions regarding whether Defendant was entitled to a court-appointed attorney were reasonable, but required time for the Court to rule on those motions.

When the Government filed a motion to continue the May 7, 2013 trial date, the Defendant had only appeared this District several days earlier, without counsel, and her arraignment had been scheduled for May 9, 2013. When the Government filed the motion to continue the trial date of July 9, 2013, the Defendant was not represented by counsel.

When the Government filed the motion to continue in August 2013, that motion was an agreed, joint request for a trial date in February 2014. Prior to the Government moving to continue the trial date as a result of Defendant filing her two motions in late January and early February 2014, the Government requested a continuance of one week that was made to permit Government counsel, as lead counsel in this action, to be prepared for trial that is a justifiable grounds for an interests of justice continuance under Section 3161(h)(7)(B)(iv). Moreover, both Defendants' counsel agreed to the continuance prior to the Government filing that particular motion. Finally, at the last status conference, the Government represented to this Court that it would be prepared to proceed to trial in two weeks – the same amount of time it would have between the conclusion of the Guzman trial and the February 18, 2014 trial date. Thus, but for Defendant filing her motions in January and February 2014, the Government would have been prepared to proceed to trial on February 18, 2014.

Further, when a defendant files motions, the defendant cannot use the delay caused by those motions as a basis for a speedy-trial claim. Young, 657 F.3d at 415 (citing United States v.

13

Loud Hawk, 474 U.S. 302, 316–17 (1986).  Because Defendant filed two motions in late January and early February 2014 that precipitated the granting of the Government's motion to continue, the Court concludes that the alleged violation of Defendant's speedy-trial rights are not the fault of either the Government nor this Court.

### 2. The Defendant's assertion of his Speedy Trial Rights

To be sure, a "defendant cannot be blamed for not invoking his right to a speedy trial." Schreane, 331 F.3d at 557 (citation omitted).  Yet, this principle obtains only where "the government presents insufficient evidence of the defendant's knowledge of the indictment." Id. (citing United States v. Mundt, 297 F.3d 233, 236 (6th Cir. 1994).  Where the defendant is aware of the indictment and fails to assert his right in a timely fashion, this omission weighs heavily against his Sixth Amendment claim.  United States v. Thomas, 167 F.3d 299, 305 (6th Cir. 1999).

As to the third factor - the Defendant's assertions of her speedy-trial right, Defendant did not assert her right to a speedy trial until after this Court granted the Government's motion to continue the trial in February 2014.  Defendant did not refer to the Speedy Trial Act until February 5, 2014, in her reply on her motion to strike after this Court had granted the continuance.  Although Defendant has since asserted that right, the Court concludes that this factor weighs heavily against Defendant.

### 3. Prejudice

Under Doggett, prejudice is shown by (1) "oppressive pretrial incarceration," (2) "anxiety and concern of the accused" and (3) "the possibility that [the accused's] defense will be impaired by dimming memories and loss of exculpatory evidence." Schreane, 331 F.3d at 557 (quoting Doggett, 505 U.S. at 654 (citation and internal quotation marks omitted). "Of these, the

most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532.

"[A]ffirmative proof of prejudice is not essential to every speedy trial claim . . . [E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or, for that matter, identify." Doggett, 5050 U.S. at 655-56). Yet, "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria . . . it is part of the mix of relevant facts, and its importance increases with the length of the delay." Id. at 656. In the Sixth Circuit, "'[w]hen a defendant is unable to articulate [or demonstrate] the harm caused by the delay, the reason for the delay (factor 2) will be used to determine whether the defendant was presumptively prejudiced.'" Schreane, 331 F.3d at 559 (quoting United States v. Mundt, 29 F.3d 233, 236 (6th Cir. 1992)).

Regarding the fourth Barker factor - prejudice to the defendant – the Defendant has failed to meet her burden of proving with specificity what prejudice she has suffered, or will suffer from the continuance of this trial. Defendant cites a hardship on her and her children who are cared for by Defendant's mother, constitutes sufficient prejudice to dismiss this case.

Defendant's generalized prejudice arguments were recognized by the Supreme Court in Barker. The Supreme Court stated, "[T]ime spent in jail awaiting trial has a detrimental impact on the individual.... [H]e is ... disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." Barker, 407 U.S. at 532-33. However, as the Sixth Circuit stated in Young. "In this circuit, '[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay.'"

(emphasis in original) (quoting Young, 657 F.3d at 418); United States v. Howard, 218 F.3d 556,

564 (6th Cir.2000) (citing Doggett v. United States, 505 U.S. 647, 656, 112 S.Ct. 2686, 120

L.Ed.2d 520 (1992) ("[I]f the Government had pursued [the defendant] with reasonable diligence

from his indictment to his arrest, his speedy trial claim would fail. Indeed, that conclusion would

generally follow ... however great the delay, so long as [the defendant] could not show specific

prejudice to his defense."))".

     Defendant asserts that she is entitled to a presumption of prejudice because the May 13,

2014 trial date would be a year after her arrest. (Docket Entry No. 652 at 14). Yet, the Sixth

Circuit has held, "The presumption of prejudice only applies, however, when the delay is

attributable to the government's negligence." United States v. Zabawa, 719 F.3d 555, 563 (6th

Cir. 2013); see also Young, 657 F.3d at 418. "Because the district court determined, as a factual

matter, that the government was diligent in its prosecution, Young must show specific prejudice

to his defense. Moreover, we have found that specific prejudice must be 'substantial prejudice'

for a defendant to prevail on a speedy-trial claim. United States v. White, 985 F.2d 271, 276 (6th

Cir. 1993)." Here, the record does not reflect a lack of diligence by the Government.

     In terms of the United States' diligence in this case, of the nineteen defendants who have

been indicted, seventeen of them have been arrested (the other two are believed to have fled to

Mexico), and other than defendants Villarreal and Vela-Salinas, the other fifteen arrested

defendants have pleaded guilty, and six of them have already been sentenced. More relevant,

none of the delay in the two remaining defendants proceeding to trial is attributable to a lack of

diligence by the Government. The request for a one-week continuance in order for the

undersigned to have an additional week between two lengthy trials as lead counsel does not

16

evidence a lack of diligence. Evidence of the degree of diligence exercised is reflected in Government's counsel's work in preparation for trial on a Sunday, February 2, 2014, a two-week trial before Judge Nixon on Friday, January 31, 2014. Given the Government's counsel acts of more than reasonable diligence, the Defendant must show specific and "substantial" prejudice to prevail on these motions.

Defendant has not identified any specific prejudice nor "substantial prejudice," as a result of the time necessary for this action to be tried. The motion does not identify any missing witnesses, loss of relevant evidence for her defense, or the loss of any mitigating evidence, due to the delay. If the trial proceeds on May 13, 2014, the defendant will have been in custody for slightly more than a year, and the alleged conspiracy will have only ended approximately three years earlier. By contrast, the defendant in Young, who was detained for eleven years prior to his trial, cited three alleged missing witnesses and a loss of mitigation evidence, but the court that such allegations did not constitute "substantial prejudice." 657 F.3d at 420.

Given the complex nature of this action and the amount of discovery, the timing of the Defendant's arraignment and the issues related to the appointment of her counsel after she fired her retained attorney, Defendant's assertion that her appointed counsel would have been prepared to proceed to trial in either May or July 2013 lacks credibility. Tthis Court has promptly held all necessary hearings ruled on the parties' motions and provided written reasons for its interests of justice findings.

### A. Delay

The Defendant has not identified any prejudice from the delay beyond his continued detention that is undoubtedly a type of prejudice. The Court finds that the Defendant and her

17

counsel's conduct were the primary reasons for this delay and the Court concludes that the Defendant's Sixth Amendment right to a speedy trial was not violated.

### 4. Speedy Trial Act

The Defendant asserts an independent right under the Speedy Trial Act that "contains two main time limits: the limit in § 3161(b) running from arrest or summons to indictment and the seventy day limit in § 3161(c) running from indictment to trial."[3] United States v. DeJohn, 368 F.3d. 533, 538 (6th Cir. 2004). Speedy Trial Act claims arise under the seventy days limitations in Section 3161 (c) that provides, in pertinent part, as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . .

18 U.S.C. §3161(c)(1).

A "defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending." United States v. Blackmon, 874 F.2d 378, 381 (6th Cir. 1989). Under § 3161(c)(1), the 70 day limit commences only after the defendant has entered a plea of not guilty. United States v. O'Dell, 154 F.3d 358, 362 (6th Cir. 1998) ("Because the plain meaning of the statutory language requires a not guilty plea and [the defendant] did not enter one nor was one entered for him during the 1993 case, we hold that the STA clock was not triggered during the 1993 case.").

There are statutory tolling provisions in § 3161(h) for the seventy day limitation and the

---

[3]There is also a ninety (90) days limitations for defendants who are detained solely because of the pending proceedings or because they are incarcerated. 18 U.S.C. § 3164 (b).

relevant exclusions here, are as follows:

   --"[D]elay resulting from any pretrial motion, from the filing of the motion
   through the conclusion of the hearing on, or other prompt disposition of, such
   motion[.]" 18 U.S.C. § 3161(h)(1)(D).

   --"[D]elay reasonably attributable to any period, not to exceed thirty days,
   during which any proceeding concerning the defendant is actually under
   advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

   --"[D]elay resulting from a continuance granted by any judge on his own
   motion or at the request of the defendant or his counsel or at the request of the
   attorney for the Government, if the judge granted such continuances on the basis
   of his findings that the ends of justice served by taking such action outweigh the
   best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161
   (h)(7)(A).

This latter statutory provision must be supported by the judge's oral or written statement

of the the reasons for the delay. 18 U.S.C. §3161(h)(7)(A). This finding should reflect

consideration of whether the failure to grant a continuance would result in a miscarriage of

justice; whether the action is complex, given the legal issues raised, or the nature of the

prosecution; the number of defendants involved; or the length time required to obtain counsel or

for defense counsel to be prepared for trial subject to a due diligence requirement. 18 U.S.C.

3161(h)(7)(B)(i)(ii) and (iv). The district court's failure to provide an oral or written statement

bars the exclusion or tolling of the period of delay. United States v. Richmond, 735 F.2d 208,

216 (6th Cir. 1984).

Aside from express statutory provisions, the Sixth Circuit has deemed time expended by

the parties in plea negotiations to be excludeable under the Speedy Trial Act. United States v.

Dunbar, 357 F.3d 582, 593 (6th Cir. 2004) ("'We have held that plea negotiations may be

excluded as 'other proceedings' pursuant to § 3161(h).'") (citing United States v. Bowers, 834

F.2d 607, 609-10 (6th Cir. 1987)).

As to the ruling on any pretrial motion, the time excludable under the Speedy Trial Act includes the time from the filing of the motion to the conclusion of the hearing on or disposition of that motion within thirty days after the hearing. Henderson v. United States, 476 U.S. 321, 330 (1986). The Second and Ninth Circuits hold that "Congress envisioned that the speedy trial clock be tolled when the expenditure of judicial resources to decide the motion would interfere with the case expeditiously proceeding to trial," but would "not [be] tolled when the postponement of a pretrial motion until after trial does not effect a trial court's ability to proceed." United States v. Gambino, 59 F.3d 353, 359 (2nd Cir. 1995) (citing United States v. Clymer, 25 F.3d 824, 830 (9th Cir. 1994); contra, United States v. Riley, 991 F.2d 120, 123 (4th Cir. 1993) (holding that the deferral of a pretrial motion until after trial remains excludable time under § 3161).

Absent Sixth Circuit authority, this Court adopts the Second and Ninth Circuit rule. Thus, any time necessary to decide a defendant's pretrial motion is excludable under the Speedy Trial Act, but only where the resolution of the motion would interfere with the court's ability to proceed to trial.

The circuits that have addressed this waiver of Speedy Trial Act rights are uniform in that "defendants generally may not elect to waive the [Speedy Trial ]Act." Gambino, 59 F.3d at 360 (collecting authorities). The Second Circuit provided the rationale for this non-waiver rule.

> The reason why a defendant cannot waive the time constraints of the Speedy Trial Act is that the public has as great an interest in a prompt criminal trial as has the defendant. Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, "justice delayed is justice denied." The legislative history of the Act confirms the importance of the

non-waiver rule. See Pringle, 751 F.2d at 433. Thus, when Congress considered this issue, it limited waiver of the 70 day speedy trial requirement to narrowly defined circumstances, i.e., a failure to move for dismissal prior to trial or prior to the entry of a guilty or nolo contendere plea. 18 U.S.C. § 3162(a)(2).

Id.

As the Second Circuit observed, the non-waiver Rule does not preclude a court from finding a defendant's conduct as the cause of the delay so as to toll the seventy day limit in §3161(c). Id. Yet, this "sandbag" exception cannot be given an "overly broad application." Id.

> Nonetheless, several circuits have crafted an exception to the non-waiver rule, holding that when defendant's conduct causes or contributes to a period of delay, that time may be excluded from the running of the speedy trial clock. See Pringle, 751 F.2d at 434-35 (exception necessary to prevent defendants from "lulling the court and prosecution into a false sense of security only to turn around later and use the waiver-induced leisurely pace of the case as grounds for dismissal"); Kucik, 909 F.2d at 211 ("Where a defendant actively participates in a continuance ... he cannot then sand-bag the court and the government by counting that time in a speedy trial motion"); see also, e.g., United States v. Fields, 39 F.3d 439, 442-43 (3rd Cir. 1993) (approving Pringle rule in dicta); United States v. Kington, 875 F.2d 1091, 1108 (5th Cir. 1989) (in dicta calling the Pringle exception a "sensible maxim").
>
> Where the public's interest in swift justice is not disregarded, such an exception makes good sense. The reason is plain. The provisions of a Speedy Trial Act are not to be mistaken for the rules of a game where defense counsel's cunning strategy may effectively subvert Congress' goal of implementing sound trial management. See United States v. Vasquez, 918 F.2d 329, 337 (2nd Cir. 1990); see also United States v. Beech-Nut Nutrition, 677 F.Supp. 117, 118 (E.D.N.Y. 1987) (Speedy Trial Act not intended as a "trap" for unwary courts and prosecutors), aff'd 871 F.2d 1181, 1198, (2nd Cir.), cert denied, 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989). It is possible, of course, that an overly broad application of the exception could swallow the non-waiver rule, permitting a waiver to be found whenever a defendant fails to object to continuance. See Keith, 42 F.3d at 239; Willis, 958 F.2d at 64. Were such to result, it would subvert Congress' aim that delays be permitted only as provided for in the Act. Id. at 64.

Gambino, 53 F.3d at 360 (emphasis added).

From the Court's research, the Sixth Circuit has not expressly held in a published opinion that a Defendant cannot waive his rights under the Speedy Trial Act.[4] In a unpublished decision, however, the Sixth Circuit noted that "[a]lthough we do not base our decision in this case on the delay resulting from continuances in which [the defendant] purportedly waived his speedy trial rights, we do not believe such a waiver is valid." United States v. Howard, No. 94-6543, 129 F.3d 1266, 1997 WL 705077 * 5, n. 4 (6th Cir. Nov. 6, 1997) ("Howard I" ) (citing legislative history). In a subsequent published decision in the same action, the Sixth Circuit noted its earlier ruling that "in any case, [the defendant's] purported waiver when seeking his first continuance did not bar him from opposing a subsequent continuance sought by the government." United States v. Howard, 218 F.3d 556, 560 (6th Cir. 2000) (citing Howard I).

In sum, the Court concludes that a defendant cannot waive his or her Speedy Trial Act rights, and this Court has not accept any waiver of these rights.[5] This member of the Court has required motions to continue to cite the specific grounds for the continuances, the statutory exculdable basis for the continuance and how that exclusion applies as well as the length of time or the exclusion sought. The defendant must personally sign this motion. The motion for a continuance should also reflect the remaining days available for the seventy (70) days trial deadline in the Speedy Trial Act or any other relevant time period under that Act.

---

[4]There is a statutory waiver in18 U.S.C. §3161(c)(2) that there cannot be a trial within the first thirty days after indictment without the Defendant's written consent. See United States v. Crossley, 224 F.3d 847, 853 (6th Cir. 2000).

[5] A defendant may waive his Sixth Amendment right to a speedy trial, but only under circumstances that reflect a knowing and voluntary waiver, such as in a guilty plea petition. Failure to raise the speedy trial issue in the district court does not bar review for plain error on appeal. See United States v. O'Dell, 247 F.3d 665, 667 (6th Cir. 2001); citing Barker, 407 U.S. at 528 and United States v. White, 985 F,2d 271, 274-75 (6th Cir. 1992).

Under Title 18, U.S.C., Section 3161(c)(1), a defendant is to be tried within 70 days "from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." Section 3161(h) lists delays which are excluded from the calculation of the 70-day period. First, Section 3161(h)(1)(D) states that "delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the calculation of the 70 days within which a defendant must be tried. See United States v. Bowers, 834 F.2d 607, 609 (6th Cir. 1987) (holding in part that "[de]lay attributable to a pretrial motion, from filing until it has been heard and disposed of, is excluded."). Second, Section 3161(h)(7)(A), excludes any period of delay resulting from a continuance granted by this Court at the request of the United States, if the Court sets forth, either orally or in writing, its reasons for the continuance as in the interests of justice.

Here, the excludable delays resulted from the pretrial motions and hearings from June 6, 2013, through at least July 25, 2013, pursuant to Section 3161(h)(1)(D). Additional excludable delays arise from continuances in the interests of justice, all of which this Court provided its reasons in writing pursuant to Section 3161(h)(7)(A). Added to the excludable delays is Defendant's refusal to submit a financial affidavit at her initial appearance. On May 16, 2013, Defendant retained counsel moved to withdraw as counsel because the Defendant fired him. This Court granted her counsel's motion, and ordered the Federal Public Defender to appoint counsel for Defendant, on May 17, 2013. The Government also filed a second motion that was granted on May 21, 2013. The time between the filing and granting of those two motions are excludable pursuant to Section 3161(h)(1)(D).

On June 6, 2013, the Government moved to reconsider the order appointing counsel for the Defendant due to her failure to submit a financial affidavit. After a series of pleadings and hearings on whether Defendant was eligible to be appointed counsel, the Court provisionally appointed Johnson as Defendant's counsel on July 15, 2013. Thereafter, on July 25, 2013, Defendant filed a memorandum opposing the United States's motion seeking to receive a copy of Defendant's financial affidavit. Under Section 3161(h)(1)(D), the 49 days between the Government filing its motion to reconsider on June 6, through the filing of Defendant's memorandum on July 25, 2013, are excludable from the 70-day period. If that 49-day period were extended from the filing of the memorandum – July 25, 2013 – then the 70-day period would not have expired until September 15, 2013, but the Defendant agreed to a continuance on August 13, 2013.

In addition to the exclusion of those 49 days, on May 3, 2013, this Court granted the Government's motion to continue due to Defendant's recent arrest and because her arraignment was not scheduled until after the then-schedule trial date of May 7, 2013. This Court continued the trial until July 9, 2013, "in the interests of justice to provide a joint trial and allow the defense counsel for defendant Vela-Salinas to be prepared for trial." (Docket No. 573). With these written reasons for the continuance, that time is excluded under Section 3161(h)(7).

Similarly, on July 8, 2013 (70 days after her appearance in this District), this Court again continued the trial date "in the interests of justice to allow Defendant Juana Edith Vela-Salinas time to secure counsel appointed or retained and to allow Defendant Villarreal's counsel adequate time to be prepared for trial. The trial in this action will be reset by a separate Agreed Order." (Docket No. 605). This Court complied with Section 3161(h)(7) and the resulting delay

is excludable. There were 106 days that elapsed from defendant's initial appearance on April 29, 2013, until the filing of the parties' joint request to continue the trial date on August 13, 2013. At least 67 of those days is excluded under Section 3161(h)(1)(D), Section 3161(h)(1)(H), and/or Section 3161(h)(7)(A).

On August 13, 2013, with Defendant's agreement, the Government moved to continue the trial until February 11, 2014. (Docket No. 613). Contrary to Defendant's claim that "Ms. Vela-Salinas did not agree to any of the continuances of the trial dates" (Docket Entry No. 652 at 6), both Defendants agreed to a continuance of the trial date until February 11, 2014. That motion specifically stated that the Government, "with the agreement of the defendants' attorneys, Carlos Garcia and Deanna Johnson, hereby moves to have this Court set a trial date for February 11, 2014." (Docket No. 613).

Moreover, Defendant filed her memorandum in opposition to the Government's motion to receive a copy of Defendant's Financial Affidavit on July 25, 2013, whereby under Section 3161(h)(1)(D) and (H), a period not to exceed 30 days while any proceeding concerning the Defendant is actually under advisement by the court is excludable from computing the 70 day period. The agreed motion to set the trial date was filed on August 13, 2013, within the 30-day period following the filing of Defendant's memorandum on July 25, 2013.

On December 23, 2013, the Defendant agreed to a one week continuance based on the Guzman trial before Judge Nixon, but Defendant Vela-Salinas later "retracted" her agreement. On January 2, 2014, this Court granted the motion to continue (Docket No. 621) stating, "This motion is GRANTED in the interests of justice to allow Government counsel to be available for trial." Id. With the Court's written reason for granting the continuance, the time between

February 11 and February 18, 2014 is also excluded under the Speedy Trial Act. Section 3161(h)(7), 18 U.S.C. §3161(h)(7).

With Defendant's motion for a bill of particulars filed on January 27, 2014, and motion to dismiss filed on February 2, 2014, the Defendant tolled the time under the Speedy Trial Act under Section 3161(h)(1)(D). Section 3161(h)(1)(D) excludes the time from January 27 through this Court's granting the motion to strike on February 6, 2014 – a total of ten days – would be excluded. In granting the Government's motion to continue on February 5, 2014, this Court complied with Section 3161(h)(7), stating in writing that the continuance was "in the interests of justice to allow Government counsel time to respond to Defendant's motions and to allow the Court time to decide" the motions. (Docket No. 646).

Significantly, although the Defendant's position is that Defendant is not to blame for the delays, Defendant's counsel knew since August 2013, during discussions on agreed trial dates, that the trial would last two to three weeks. Since December 23, 2013, Defendant was aware of Government's lead counsel's two-week trial before Judge Nixon that was scheduled to begin on January 21, 2014.

Defendant's motion to dismiss inaccurately describes the record as to why the Defendant has not yet proceeded to trial and who is responsible for the delay.

First, the motion fails to mention of the amount of time the Defendant was not represented by an attorney during the pendency of the case. The motion also fails to describe the excludable delays resulting from Defendant retaining and then firing an attorney from Texas and her related refusal to submit a Financial Affidavit in conjunction with the potential appointment of a panel attorney. The motion also does not mention any of the resulting motions or hearings

related to whether Defendant was entitled to have an attorney appointed on her behalf and whether the Financial Affidavit she later submitted should have been provided to the Government. As described below, all of the delay resulting therefrom is properly excludable under the Speedy Trial Act.

Second, Defendant's motion incorrectly states, "Ms. Vela-Salinas did not agree to any of the continuances of the trial dates." (Docket Entry No. 652 at 6). In fact, both Defendants agreed in August 2013 to a continuance of the trial date until February 11, 2014. (Docket No. 613). Although the Government filed the motion to continue, that motion specifically stated the Government "with the agreement of the defendants' attorneys, Carlos Garcia and Deanna Johnson, hereby moves to have this Court set a trial date for February 11, 2014." (Docket No. 613).

Third, Defendant's motion fails to acknowledge that she was solely responsible for the most recent continuance of the trial date. Defendant filed two pretrial motions on February 2, 2014 shortly before trial, and well after this Court's deadline for filing pre-trial motions. The rulings on either of those motions could have had a dramatic effect on all parties' presentations at trial, as the Government was preparing to proceed to trial on February 18, 2014. It was not until the Government requested a continuance to permit the Government time to respond to these motions, and this Court to rule on those motions, that the Defendant first asserted her rights under the Speedy Trial Act. The record demonstrates that but for the Defendant's delay in filing these motions on the eve of a two to three week-long trial, the trial would have proceeded on February 18, 2014.

Defendant's counsel states that the two motions are "Ms. Vela-Salinas' counsel's

27

attempts to protect Ms. Vela-Salinas' Constitutional rights" (Docket No. 648). The motion, however, fails to provide any explanation why this Defendant was unable to file either motion by this Court's deadline of December 30, 2013. The motion to dismiss is solely based upon the pending indictment, and the bill of particulars was in regards to a cooperator's statements in a report the defendant received on October 30, 2013. Defendant was also aware that Government counsel at the time was in a two-week trial before Judge Nixon, and would have had two weeks to finish preparing for trial in this action, when the two motions were filed. The record before this Court makes clear that but for the late filing of those motions, the trial in this action would have proceeded on February 18, 2014.

In sum, the Court concludes that Defendant Vela-Salinas has failed to establish grounds for dismissal for a violation of the Speedy Trial Act or her speedy trial rights under the Sixth Amendment. Given the anticipated length of the impending trial, the schedules of the parties' counsel, this Court's trial calendar, and the necessity to have two interpreters present for the trial, this Court affirms its earlier Order that the trial will start on May 13, 2014.

For these reasons, the Defendant's motions for a speedy trial and motion to dismiss for denial of a speedy trial (Docket Entry Nos. 650 and 652) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___15___ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

28