IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | NO. 3:11-cr-00083-19 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| ) | |
| JUANA VELA-SALINAS ) | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Compassionate Release (Doc. No. 1218). Via the Motion for Compassionate Release, Defendant seeks a reduction of her 240-month sentence and immediate release from the custody of the Bureau of Prisons ("BOP"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a response in opposition (Doc. No. 1221, "Response"), arguing that the Motion should be denied because Defendant has not established "extraordinary and compelling reasons for her release" and consideration of the 18 U.S.C. § 3553(a) factors counsels strongly against granting compassionate release.

BACKGROUND

On April 20, 2011, a grand jury charged 18 defendants, including Defendant's husband, with conspiracy to distribute and distribution of five kilograms or more of a mixture and substance containing cocaine and 100 kilograms or more of a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). (Doc. No. 45). Thereafter, a superseding indictment was filed against eight of those 18. (Doc. No. 457),[1] Then, on April 3,

---

[1] In the interim, the other ten had pled guilty. (Doc. Nos. 257, 340, 372, 383, 386).

2013, Defendant, along with four of the eight charged in the (first) superseding indictment,[2] was charged in a second superseding indictment with conspiring to launder proceeds of the drug conspiracy charged in Count One, in violation of 18 U.S.C. § 1956(a) (Count Two).[3] (Doc. No. 547). On July 28, 2015, after a nine-day jury trial, a jury found Defendant guilty of Count Two. (Doc. No. 940).

On December 21, 2015, United States District Judge William J. Haynes, Jr. sentenced Defendant to 240 months of imprisonment followed by three years of supervised release. (Doc. No. 1091). Defendant has been serving her sentence at FCI Aliceville. According to BOP, Defendant's release date is April 18, 2030. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Feb. 4, 2022).

## ANALYSIS

I. REQUEST FOR APPOINTED COUNSEL

Within her Motion, Defendant requests appointment of counsel. (Doc. No. 1218 at 16). The Sixth Amendment secures the right of a criminal defendant who faces incarceration to be represented by counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). However, the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). The decision of whether to appoint counsel for the purpose of seeking compassionate release is a decision within the sound discretion of the Court. *See United States v. Stephens*, 2020 WL 3250226 at *2 (E.D. Mich. June 16, 2020).

---

[2] In the interim, the other four had pled guilty. (Doc. Nos. 471, 474, 485).

[3] Various of her co-defendants were charged in various other counts of the Second Superseding Indictment, but Defendant was charged only in Count Two.

"In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Defendant fails to present any unique circumstances justifying appointment of counsel. A compassionate release request is not a particularly complex claim factually or legally. *See United States v. Drayton*, No. 10-20018-01, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) (denying motion to appoint counsel related to motion for compassionate release and noting that compassionate release claims are not particularly complex factually or legally and that the defendant appeared able to adequately present his claim). Defendant has failed to articulate why she is unable to present her request for compassionate release pro se. Moreover, the Court believes that it is able to fairly adjudicate such motions even though one side (and not the other) is unrepresented by counsel. That is not to say that learned counsel cannot contribute something, especially something regarding nuances, to a defendant's cause on these motions. But it is to say that typically, the degree of substantive merit of these very fact-based motions is evident to the Court even without learned counsel advocating the merits on the defendant's behalf. Accordingly, Defendant's request for counsel is denied.

II. MOTION FOR COMPASSIONATE RELEASE

<u>Legal Standard</u>

Prior to 2018, only the Director of the Bureau of Prisons could move for compassionate release. The First Step Act amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5239. Now, under 18 U.S.C. § 3582(c)(1)(A), as modified by the Section 603(b)(1)

First Step Act,[4] a district court *may* under certain circumstances grant a defendant's motion for compassionate release (hereinafter, "defendant-filed motion"). *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory."). In order to grant such a defendant-filed motion, however, a court must find that the so-called "exhaustion requirements" have been satisfied—*i.e.*, "[either] the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion [for compassionate release] on the defendant's behalf or [there has been a] lapse of 30 days since the receipt of such a request [for BOP to file such a motion] by the warden of the defendant's facility, whichever is earlier." *See also United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (explaining that a district court may not disregard the exhaustion requirements of Section 3582(c)(1)(A)).

Once it properly can act on a defendant-filed motion brought under 18 U.S.C. § 3582(c)(1)(A), the district court next determines whether, in its discretion, to grant compassionate release to a defendant. In its recently issued opinion in *Jones*, the Sixth Circuit discussed the steps of the compassionate release analysis:

> The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).12 At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts

---

[4] That paragraph of Section 603 provides:

 (b) INCREASING THE USE AND TRANSPARENCY OF COMPASSIONATE RELEASE.—Section 3582 of title 18, United States Code, is amended—
   (1) in subsection (c)(1)(A), in the matter preceding clause (i), by inserting after ''Bureau of Prisons,'' the following: ''or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .''

must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon* [*v. United States*], 560 U.S. [817,] 827 [(2010)]. At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*.

*Jones*, 980 F.3d at 1108. The court then went on to resolve the following question with respect to defendant-filed motions (as opposed to compassionate-release motions filed BOP) in particular: "given the First Step Act's procedural reforms to compassionate release, is § 1B1.13 still an applicable—'that is, "relevant" or "appropriate,"' [*United States v. Ruffin*, 978 F.3d 1000, 1007–08 (6th Cir. 2020)]—policy statement for the purposes of the second § 3582(c)(1)(A) inquiry?" *Id*. The court noted that this is a question that has "sharply divided the courts," *id*. (citation omitted), as many district courts, including this Court, previously considered the Section 1B1.13 policy statements applicable when determining whether compassionate release was warranted. The court then chose a side, holding that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id*. (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[5] Therefore, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

In other words, because § 1B1.13 is inapplicable to defendant-filed motions, a district court adjudicating such a motion is not bound by anything § 1B1.13 has to say about—including any

---

[5] Prior to *Jones*, this Court treated § 1B1.13 as applicable to all motions for compassionate release, whether filed by BOP or by a defendant. The Court does not necessarily perceive that such treatment resulted in a resolution of any defendant-filed motions that was any different than the result the Court would have reached by treating § 1B1.13 as inapplicable to defendant-filed motions. But the Court does note that at least the analytical framework it used prior to *Jones* was different than the analytical framework it will use in the aftermath of *Jones*.

limitations or requirements § 1B1.13 would impose upon—the finding of extraordinary and compelling reasons. But this rule is not the only consequence of the Sixth Circuit's decision in *Jones*. Another is that the district court, in adjudicating a defendant-filed motion, may disregard the requirement of § 1B1.13(2) that the court find the defendant not pose a danger (to any other person or to the community) in order to grant compassionate release.

If, in adjudicating a defendant-filed motion, a district court determines that "extraordinary and compelling reasons" for compassionate release exist, the court then determines whether compassionate release is warranted in light of the Section 3553(a) sentencing factors. *See Jones*, 980 F.3d at 1112.[6] The sentencing factors set forth in Section 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the . . .
> i) [United States Sentencing Guidelines, ("U.S.S.G.")]—
> ii) [in effect at the time of sentencing]
>
> (5) any pertinent policy statement—
> A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code; and
> B) [and in effect at the time of sentencing]

---

[6] As suggested above, under *Jones*, the analysis of a defendant-filed motion differs from the analysis of a BOP-filed motion in that (among other ways) the latter kind of motion—to which § 1B1.13 remains applicable—requires an intermediate determination of whether the defendant-movant poses a danger to other persons or the community. *See* U.S.S.G. §1B1.13(2).

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Discussion

A. Extraordinary and Compelling Reasons

To grant the Motion for Compassionate Release, the Court would have to determine that "extraordinary and compelling reasons" exist for Defendant's compassionate release. Defendant bears the burden to persuade the Court to make such a determination. *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling."). As noted above, the Court has "*full discretion* to define 'extraordinary and compelling'" in the sense that it is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111 (emphasis added).

Defendant bases her request for compassionate release on the lack of a caregiver for her seventeen-year-old daughter. (Doc. No. 1218 at 15). Defendant contends that her daughter's primary caregivers (Defendant's parents) are "no longer able to care for [her] daughter due to their medical conditions." (*Id*.). She asserts that her "father is 83 years old and suffers from diabetes, hypertension (high blood pressure), [and a recent] open heart surgery," and her "mother is 76 years old and suffers from hypertension (high blood pressure), asthma, and many more." (*Id*. at 15-16). She argues that "[d]ue to their medical conditions, they no longer can care for [her] child" and she is "the only available caregiver for [her] daughter, as her [daughter's] father is serving a life sentence in federal custody." (*Id*.).

In the Response, the Government argues that Defendant's desire to care for her daughter is not an extraordinary and compelling reason that justifies compassionate release. (Doc. No. 1221 at 6). The Government first contends that Defendant's daughter is seventeen, and will soon no longer be a minor, and "[w]hile she would presumably still need support from a family member even upon attaining age eighteen, this is not a case where a very young child would be without care but for a defendant's release." (*Id*.). Next, the Government argues that Defendant mentions in her Motion that she has two older children (age 23 and 27) "who are both presumably able to at least assist in providing the necessary care for defendant's daughter." (*Id*.). Thus, the Government argues that Defendant's desire to care for her seventeen-year-old daughter does not amount to an extraordinary and compelling reason.

As noted above, the Sentencing Guidelines' policy statement describes "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" as an example of an extraordinary and compelling reason that warrants a defendant's release. *See* U.S.S.G. § 1B1.13. Although § 1B1.13 "is not binding, this policy guidance is highly persuasive authority in resolving motions for compassionate release." *United States v. Hicks*, No. CR 93-97-2 (BAH), 2021 WL 1634692, at *5 (D.D.C. Apr. 27, 2021). However, "the death [or incapacitation] of a minor child's caregiver only amounts to an 'extraordinary and compelling reason' when the defendant has provided documentation that they are the only available caregiver for the child."[7]

---

[7] Though not insensitive to the needs of family members (typically minors or persons with disabilities) who would benefit from an inmate's caregiving, the undersigned has serious concerns about granting compassionate release to inmates based on the inmate's asserted need to be a caregiver for a minor family member, for two reasons. First, it creates a risk that cumulatively, persons without minor dependents will on average serve longer sentences than persons with minor dependents; in the undersigned's view, this raises the unwelcome specter that the former category is effectively discriminated against on the basis of familial status. Second, there is a sense in which it would be perverse for persons with minor dependents to receive on average shorter sentences than those without minor dependents, given that persons with minor dependents are, if anything, more culpable than those without minor dependents inasmuch as they (and not those without minor dependents) seriously shirked duties owed to vulnerable family members reliant on them, by committing crimes that subjected them to incarceration. Nevertheless, the Court follows the above-referenced

*United State v. Lemon*, No. 4:16-cr-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021); *see also United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (holding that the defendant did not carry his burden to show that his wife is incapacitated due to her breast cancer or diabetes, or that he would be the only available caregiver to their minor child if his wife were incapacitated). Courts ". . . routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor or child, even if their incarceration imposes substantial burdens on a [caregiver of] a minor child." *United States v. Dick*, No. 2:95-CR-00010, 2021 WL 5850187, at *5 (M.D. Tenn. Dec. 9, 2021) (Richardson, J.) (quoting *United States v. Gibson*, No. 11-20551, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) (internal quotation marks omitted)).

First, there insufficient documentation to establish that Defendant's parents' medical conditions constitute an extraordinary and compelling basis for compassionate release. While Defendant maintains that her parents have myriad health problems, there is no medical documentation to verify their medical conditions. And even if Defendant had submitted such documentation, she has not met her burden to show that such medical conditions require a finding that both of her parents are incapacitated and thus unable to care for her daughter. Defendant asserts her "mother is 76 years old and suffers from hypertension (high blood pressure), asthma, and many more" (*id*. at 15-16), but hypertension and asthma are fairly common medical problems, and, without more, the Court cannot conclude that having either (or both) of these conditions renders a person incapacitated and unable to care for a (just barely) minor child.

Further, even if Defendant had shown that her parents are incapacitated, Defendant has not met her burden to show that she is the only available caregiver for her daughter. Although she

---

case law outlining the circumstances under which it may find that a minor child's need for caregiving from the inmate constitutes an extraordinary and compelling reason for compassionate release.

asserts in the Motion that she is the only available caregiver because her husband is in prison, (Doc. No. 1218 at 16), she also mentions in the Motion that she has two adult children, a 27-year-old daughter and 23-year-old son (*id*. at 10). She has failed to explain why her adult children would not be suitable caregivers for her minor daughter (who evidently would be their sister or half-sister). Additionally, as the Government points out, Defendant's minor daughter is seventeen years old, and it is not the case that Defendant has a very young child is in need of care.

Unfortunately, "the care of minor children is a problem faced by many convicted defendants." *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021). The existence of such a problem, without more, is an ordinary, not extraordinary, circumstance. Defendant has not met her burden to demonstrate that her parents are incapacitated, and even if she had, she has still would have failed to satisfy her burden to demonstrate that she is her minor daughter's only available caregiver. Therefore, Defendant's asserted desire to care for her seventeen-year-old daughter does not constitute extraordinary and compelling reasons for her release. Accordingly, the Court finds that Defendant has not met her burden to demonstrate extraordinary and compelling reasons for his release. Thus, the Motion is denied on this basis, and the Court need not proceed to the remaining steps of the compassionate release analysis (*i.e.*, an analysis of the Section 3553(a) factors).

## CONCLUSION

Compassionate release is an extraordinary remedy. *See*, *e.g.*, *United States v. Rizzo*, No. CR 16-20732, 2020 WL 2092648, at *3 (E.D. Mich. May 1, 2020). Such remedy is unavailable here, given that it would be inappropriate, considering that Defendant has not met his burden to demonstrate extraordinary and compelling reasons for his release.

For these reasons, the Motion for Compassionate Release (Doc. No. 1218) will be **DENIED**.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE